IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STANLEY BOCLAIR, #A60451,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-0289-SPM |
| ) | |
| **ANTHONY WILLS,** ) | |
| **MOHAMMAD SIDDIQUI,** ) | |
| **ANGELA CRAIN, KIM MARTIN,** ) | |
| **HEATHER PRICE, and** ) | |
| **ROB JEFFREYS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). He asserts violations of the First and Eighth Amendments in relation to the denial of medical care. As relief, Plaintiff seeks monetary damages and an order requiring Defendants to stop their retaliation. (Doc. 1, p. 17).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): He filed a lawsuit in this district on November 16, 2018, asserting claims against Defendant Crain (Health Care Unit Administrator) and other medical personnel who report to Defendant Dr. Siddiqui.[1] (Doc. 1, pp. 7, 10-11). He ties his retaliation claims to that case.

On October 6, 2020, Plaintiff consulted Dr. Siddiqui for treatment of a painful and itchy rash and blisters on his genitals, which Plaintiff attributes to a urinary tract fungus. Siddiqui dismissed the problem and gave Plaintiff no treatment, allegedly in retaliation for the above lawsuit against his subordinates. (Doc. 1, pp. 10-11).

The condition became worse and spread to include painful blisters and scars over most of Plaintiff's body. A medical technician who had been attempting to treat Plaintiff submitted a medical referral for him on December 23, 2020, but Plaintiff got no treatment as a result. (Doc. 1, pp. 11, 22).

After Plaintiff's January 14, 2021, session with a psychiatrist, that professional emailed Defendant Crain about his need for medical care, but Crain took no action. (Doc. 1, p. 11). Another mental health professional informed Crain on or about February 3, 2021, of Plaintiff's medical issues, and again Crain did not respond. (Doc. 1, p. 12). Soon after, Plaintiff informed the attorney who is representing him in another case about the denial of medical care; Plaintiff believes his lawyer informed the Assistant Attorney General of the problem so she could warn Crain that she should not deny Plaintiff medical care as retaliation for his lawsuit. (Doc. 1, pp. 12-13).

On January 19, 2021, Plaintiff submitted an emergency grievance to Defendant Warden Wills reporting the lack of medical treatment as retaliation for his lawsuit and requesting medical

---

[1] It appears that Plaintiff is referencing *Boclair v. Baldwin, et al.*, Case No. 18-cv-2084-NJR-GCS, which is still pending.

care. (Doc. 1, pp. 12, 22-23). Wills took no action. On January 24, 2021, Plaintiff submitted the same grievance to Counselor Price, again seeking treatment, but Price either withheld or destroyed the grievance in retaliation for Plaintiff's earlier lawsuit. (Doc. 1, pp. 12, 24).

On February 9, 2021, Wills toured Plaintiff's cell block. Plaintiff held up his arms to show Wills they were covered with blisters and sores, and asked Wills for medical treatment. Wills looked at him but made no response and walked away. (Doc. 1, p. 13). On the same day, Plaintiff showed his blisters and sores to Kim Martin (Director of Nursing) and asked for treatment. Martin responded that Plaintiff should write to her, but Plaintiff explained he had been denied treatment since the December 2020 medical referral. Nonetheless, he wrote to Martin that night. Martin failed to respond. (Doc. 1, pp. 13, 27).

On February 14, 2021, Plaintiff submitted a grievance directly to IDOC Director Jeffreys complaining about the lack of medical treatment, retaliation, and destruction/withholding of his grievances by Wills and Price. (Doc. 1, pp. 14, 19-21). Jeffreys did nothing to address the medical concerns.

Plaintiff submitted six more medical requests between February 12 and 19, 2021, and was finally called to see a nurse practitioner on March 12, 2021. (Doc. 1, pp. 13-14).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | First Amendment retaliation claim against Dr. Siddiqui for denying Plaintiff medical care for a painful skin condition on October 6, 2020, in retaliation for Plaintiff having filed a lawsuit against Defendant Crain and other medical staff. |
| Count 2: | Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Siddiqui for denying Plaintiff medical care for a painful skin condition on October 6, 2020. |

3

      Count 3:      First Amendment retaliation claim against Wills, Crain, Martin, Price, and Jeffreys for denying Plaintiff medical care for a painful skin condition between December 23, 2020, and March 2021, in retaliation for Plaintiff having filed a lawsuit against Defendant Crain and other medical staff.

      Count 4:      Eighth Amendment deliberate indifference to serious medical needs claim against Wills, Crain, Martin, Price, and Jeffreys for denying Plaintiff medical care for a painful skin condition between December 23, 2020, and March 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Counts 1 and 3 - Retaliation

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

Cir. 2000) (citation omitted).

Here, Plaintiff alleges that he filed a lawsuit in 2018 against Crain and other Menard medical staff which is still pending in this Court. He asserts that Siddiqui's refusal to treat his rash on October 6, 2020 (the only time Plaintiff says he raised his concerns with Siddiqui) was in retaliation for Plaintiff filing that suit. This sequence of events is sufficient at this stage to state a viable retaliation claim against Siddiqui in Count 1.

Plaintiff lumps together all the Defendants in his retaliation claim, stating that they "joined in lockstep unison…to refuse to allow any treatment of [his] serious medical needs." (Doc. 1, p. 15). This allegation is plausible as to Crain, a defendant in the 2018 case, and Martin, her colleague in the Menard health care unit. Plaintiff may also be able to demonstrate retaliatory motive on the part of Counselor Price, who he claims deliberately destroyed his grievances in retaliation for the lawsuit, and Warden Wills, who may have been aware of Plaintiff's earlier case. But the Complaint contains no factual support for the claim that IDOC Director Jeffreys acted with a retaliatory motive, based on a 2018 lawsuit that did not involve him, in failing to take action in response to Plaintiff's grievance of February 2021. Jeffreys, in his individual capacity, will therefore be dismissed without prejudice from Count 3.

Count 1 will proceed for further consideration against Siddiqui, and Count 3 will proceed against Wills, Crain, Martin, and Price.

### Counts 2 and 4 – Deliberate Indifference

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical

condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff's claim that Siddiqui refused him medical care on October 6, 2020, for his painful rash is sufficient for Count 2 to proceed at this early stage.

Likewise, Plaintiff's deliberate indifference claim against medical providers Crain and Martin in Count 4 survives § 1915A review. Defendants Wills, Price, and Jeffreys are not medical providers, but Plaintiff informed each of them of his condition and the ongoing failure of medical staff to give him any treatment despite many requests, and they allegedly turned a blind eye to his plight. Accordingly, Count 4 will receive further consideration against Wills, Crain, Martin, Price, and Jeffreys.

### OFFICIAL CAPACITY CLAIMS

Plaintiff raises claims against each Defendant in his or her individual and official capacities. (Doc. 1, p. 10). His claim for injunctive relief in the form of an order prohibiting further retaliation is properly brought against IDOC Director Jeffreys and Warden Wills of Menard Correctional Center in their official capacities. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out). However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the remaining Defendants are dismissed without prejudice.

## PENDING MOTIONS

Plaintiff's Motion to Proceed on Original Complaint (Doc. 14) is **GRANTED**. The motion responds to the Court's Order at Doc. 13 and clarifies that Doc. 1 remains the operative pleading in this action.

Plaintiff's Motion for Recruitment of Counsel (Doc. 15) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion indicates that he may have satisfied the first element of making a reasonable attempt to obtain counsel by writing to several attorneys seeking representation. He attaches payment vouchers for postage on those letters and asserts that prison officials destroyed his copies. (Doc. 15, pp. 1, 3-4, 9-10). Looking at the second factor, however, it appears that Plaintiff is competent to litigate the case himself at this early stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). He completed his GED, and his Complaint is well-organized, concise, and competently articulates his legal claims. (Doc. 15, p. 2). Although the motion is denied at this juncture, Plaintiff may renew his request for counsel if necessary, as the case progresses.

## DISPOSITION

The Complaint states colorable claims in Counts 1 and 2 against Siddiqui; in Count 3 against Wills, Crain, Martin, and Price; and in Count 4 against Wills, Crain, Martin, Price, and Jeffreys. These claims will proceed for further consideration.

All official capacity claims against Defendants Siddiqui, Crain, Martin, and Price are **DISMISSED** without prejudice.

The Clerk shall prepare for Defendants Wills, Siddiqui, Crain, Martin, Price, and Jeffreys:

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 15, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**


### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.